per curiam:
This case involves a dispute over a contract entered into on July 15, 1974, between plaintiff and the Bureau of Reclamation, Department of the Interior, and was transferred to this court from the United States District Court for the District of Colorado. The disputed undertaking was the construction of a large pipeline, to carry water from the Currant Creek Dam impoundment, which pipeline the contracting officer refused to accept in a decision issued by him on February 23, 1979. On March 23, 1979, plaintiff appealed from the contracting officer’s findings of fact and decision to the Department of the Interior Board of Contract Appeals ("board”). Various extensions of time for plaintiff to file a complaint were allowed by the board until ultimately the board dismissed the appeal on July 31, 1980, without prejudice to reinstatement by either party at any time prior to July 31, 1981.
In this court, defendant moves to dismiss plaintiffs petition on the ground that plaintiff has failed to exhaust its administrative remedies. Plaintiff raises two defenses against the motion. First, plaintiff asserts that its claim is for breach of contract. Plaintiff bases this assertion on its allegation that defendant has made a cardinal change in the contract specifications for the pipeline. Second, plaintiff argues that, even if its claim is redressable under the disputes clause of the contract, it is entitled, by virtue of the *750 Contract Disputes Act of 1978, 41 U.S.C. §§ 601-13. (Supp. II 1978), to bring the claim directly to this court.
We have carefully considered both of plaintiffs arguments. Even assuming that the facts are as plaintiff alleges in its petition, we conclude that plaintiff has failed to exhaust its administrative remedies. We conclude, whether or not a cardinal change has occurred, plaintiff is not at present seeking any monetary relief not available under its contract and therefore it is not excused from exhausting its administrative remedies. The Contract Disputes Act of 1978 is not applicable to the dispute before us. On the basis of these conclusions, we grant defendant’s motion to dismiss. See generally, Zidell Explorations, Inc. v. United States, 192 Ct. Cl. 331, 427 F.2d 735 (1970).
In a forthcoming opinion [See 228 Ct.Cl _, 661 F.2d 170 (1981)], we shall state our rationale for the foregoing conclusions. We act now, prior to issuing the opinion, because of the impending close of the time period within which plaintiff must reinstitute its appeal to the Interior Board of Contract Appeals. Judicial review of a decision by that board on such an appeal will, of course, be available to plaintiff under the Wunderlich Act, 41 U.S.C. §§ 321-22 (1976).
it is therefore ordered that defendant’s motion to dismiss is granted and that the petition is dismissed without prejudice to plaintiffs rights under the Wunderlich Act.